**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Lisa Frank, Inc.,
an Arizona Corporation,

        *Plaintiff*,

v.

The Partnerships and Unincorporated
Associations Identified on Schedule "A",

        *Defendant*.

**Case No.** 26-6530

## COMPLAINT

Plaintiff, Lisa Frank, Inc., an Arizona corporation ("LFI" or "Plaintiff") hereby brings this copyright infringement action against The Partnerships and Unincorporated Associations Identified on Schedule "A" (Defendant) and alleges as follows:

### I.    NATURE OF THE ACTION

1. This action is for copyright infringement arising under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.*, including 17 U.S.C. §§ 501, 502, 503, 504, and 505.

2. Plaintiff files this action to combat infringers who trade upon Plaintiff's copyrighted work, reputation, and goodwill by selling and/or offering for sale unauthorized reproductions of Plaintiff's works, namely the heatless hair curlers. The Defendant operates an Amazon storefront intended to appear to be selling genuine LFI products, while actually selling Infringing Products to unsuspecting consumers.

1

## II.    JURISDICTION AND VENUE

3.    This is a civil action seeking damages and injunctive relief for copyright infringement arising under the Copyright Laws of the United States, Title 17, United States Code, and tortious interference under the law of the State of Illinois.

4.    This Court has subject matter jurisdiction over Plaintiff's copyright claims under 28 U.S.C. § 1338 (copyright) and 28 U.S.C. § 1331 (federal question).

5.    This Court may properly exercise personal jurisdiction over Defendant since the Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Seller Aliases. Specifically, Defendant is reaching out to do business with Illinois residents by operating an Amazon storefront through which Illinois residents can view in the infringing work.

6.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant is a Chinese entity.

## III.    PARTIES

7.    Plaintiff LFI is a corporation organized under the laws of Arizona, having a principal place of business at 6759 E. Camino Principal, Tucson, Arizona.

8.    Upon information and belief, Defendant is an individual or business entity based in China, who own and/or operate one or more e-commerce stores.

## IV.    BACKGROUND

9.    Since 1979, LFI has designed, made, and sold and licensed products bearing its distinctive original artwork, including clothing, school supplies, stationery, backpacks, crafts, cosmetics, electronic goods, shoes, jewelry, bedding, toys, fashion accessories and seasonal products, including Halloween-themed products. Over the last 47 years, LFI has had significant

commercial success. LFI's brand has attained iconic status and a dedicated following because of the unique look and quality of its products and designs.

10. LFI transitioned from a manufacturing and distribution company to a licensing company in 2010. LFI receives a significant number of licensing requests for its intellectual property. LFI licenses a wide range of product lines featuring LFI artwork and LFI intellectual property. LFI licensed products are packaged, marketed and sold using LFI's distinctive trade dress, and copyrighted designs on the outside of the products and their packaging which serve to identify them to consumers at the purchase point as LFI branded products. LFI's products are sold in retail locations throughout the United States and online.

11. LFI's current business is licensing, *inter alia*, its copyrighted artwork. The value of that business is thus directly correlated to the actual and perceived exclusivity and quality, and the effective protection from unauthorized use, of that copyrighted artwork.

12. Through contract obligations, inspection and approval mechanisms incorporated into its license agreements, LFI exerts rigorous quality controls over the use of its copyrighted artwork, and all products incorporating any elements of the same.

13. Over the course of its business, LFI has incurred significant expenditure in advertising and promoting the LFI brand, initially through print advertisements, direct mailings, in-store signs, displays and other point-of-purchase materials and latterly additionally through social media, including, without limitation, Facebook and Instagram.

14. LFI's own products as well as its licensed products include material wholly original to LFI that is copyrightable subject matter under the laws of the United States, in particular 17 U.S.C. §102.

15. The U.S. Registrar of Copyrights has issued over 400 certificates of registration to LFI for its collection of graphics and designs used on or with LFI products. LFI now owns and at

3

all relevant times has owned the copyrights for many of the graphics and designs used on LFI's own and licensed products and packaging. LFI's production, distribution and licensing of LFI products is and has, at all times, been in strict compliance with the Copyright Act of 1976 and all other laws governing copyright.

16. LFI is the owner of U.S. Copyright Registration No. VA 561-673 titled "1993 Fantastic world of Lisa Frank portfolios," which was created in 1992 and registered on April 23, 1993. Below is a copy of the relevant portion of the deposit material that was submitted to the Copyright Office in connection with this registration:



17. LFI is the owner of U.S. Copyright Registration No. VA 800-626 titled "1994 stationary collection," which was created in 1994 and registered on July 29, 1996. Below is a copy of the relevant portion of the deposit material that was submitted to the Copyright Office in connection with this registration:

4



18.     LFI is the owner of U.S. Copyright Registration No. VA 800-510 titled "1996 portfolio collection," which was created in 1995 and registered on July 29, 1996. Below is a copy of the relevant portion of the deposit material that was submitted to the Copyright Office in connection with this registration:



19.     LFI is the owner of U.S. Copyright Registration No. VA 1-158-199 titled "Lisa Frank 2002 portfolio collection," which was created in 2002 and registered on September 16, 2002. Below is a copy of the relevant portion of the deposit material that was submitted to the Copyright Office in connection with this registration:



20.     LFI is the owner of U.S. Copyright Registration No. VAu-1-732-288 titled "2010 BTS Portfolio Collection," which was created in 2010 and registered on August 5, 2010. Below is a copy of the relevant portion of the deposit material that was submitted to the Copyright Office in connection with this registration:



21.     LFI is the owner of U.S. Copyright Registration No. VAu-1-351-800 titled "Giant Sticker Activity Pad," which was created in 2018 and registered on September 27, 2018. Below is a copy of the relevant portion of the deposit material that was submitted to the Copyright Office in connection with this registration:



22. The foregoing registrations will be referred to as the "LFI Registrations." True and correct copies of the LFI Registrations along with the deposit material associated with each Registration are attached hereto as Exhibit 1.

23. LFI's copyrights are protectable assets of substantial value to LFI. Licensees are willing to pay significant royalties for the right to use LFI's copyrighted works with their products and packaging so as to meet consumer demand for the LFI brand products.

24. Defendant operates a storefront on Amazon on which it sells a number of goods.

25. Among the goods Defendant sells are nightgowns that infringe the LFI Registrations. This product shall be referred to as the "Infringing Work." Additional details regarding the Infringing Work are included in Exhibit 2.

26. Upon information and belief, Defendant was aware of the works of the LFI Registrations prior to creating and publishing the Infringing Work.

27. Plaintiff has not granted a license or any other form of permission to Defendant to reproduce, distribute, or otherwise use works of the LFI Copyrights.

## V. COUNT I – COPYRIGHT INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION NO. VA 561-673

28. LFI realleges the preceding paragraphs as though set forth fully herein.

29. The "1993 Fantastic world of Lisa Frank portfolios" is an original work created by and/or for LFI.

30. The "1993 Fantastic world of Lisa Frank portfolios" is subject to protection under the Copyright Act, 17 U.S.C. § 101 *et seq.*

31. LFI filed an application for copyright registration with the United States Copyright Office for the "1993 Fantastic world of Lisa Frank portfolios," complied with all aspects of the law of copyright, and was granted a registration on April 23, 1993, as registration number VA 561-

8

673 to secure exclusive rights and privileges in and to the copyright of the "1993 Fantastic world of Lisa Frank portfolios." (*See* Exhibit 1).

32. Defendant has used a copy and/or derivative work of the "1993 Fantastic world of Lisa Frank portfolios" as shown in Exhibit 2 hereto.

33. Defendant's Infringing Work is strikingly similar (or at a minimum substantially similar), and/or are unauthorized derivative works of the "1993 Fantastic world of Lisa Frank portfolios."

34. Defendant has infringed LFI's copyright in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501 by at least reproducing, distributing, and/or creating derivative works of such work for commercial gain and/or profit without consent, approval, and/or license from LFI.

35. Defendant's infringement has been and continues to be willful.

36. By reason of Defendant's acts, LFI has suffered and will continue to suffer damage and injury to its business and will sustain substantial loss of revenue and profit.

37. Defendant has profited and have been unjustly enriched as a result of the infringement of the "1993 Fantastic world of Lisa Frank portfolios."

38. Unless enjoined by this court, Defendant will continue to commit the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of LFI. LFI has no adequate remedy at law for Defendant's wrongful acts.

39. For example, upon information and belief, the search engine and ranking algorithms of Amazon.com consider several factors including text relevancy, availability, price, and sales velocity. Additionally, favorable comments from customers of purchased products may also greatly contribute to future sales. In the event Defendant is not enjoined from selling, their sales will continue to negatively impact the sales velocity and comment volume for LFI's licensed products which will irreparably harm LFI's marketability on Amazon.com.

9

40. Additionally, LFI has suffered damages as a direct and proximate cause of infringement and is entitled to such damages in an amount to be determined at trial and/or is entitled to Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

41. LFI is further entitled to its attorney fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

### VI. COUNT II – COPYRIGHT INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION NO. VA 800-626

42. LFI realleges the preceding paragraphs as though set forth fully herein.

43. The "1994 stationary collection" is an original work created by and/or for LFI.

44. The "1994 stationary collection" is subject to protection under the Copyright Act, 17 U.S.C. § 101 *et seq.*

45. LFI filed an application for copyright registration with the United States Copyright Office for the "1994 stationary collection," complied with all aspects of the law of copyright, and was granted a registration on July 29, 1996, as registration number VA 800-626  to secure exclusive rights and privileges in and to the copyright of the "1994 stationary collection." (*See* Exhibit 1).

46. Defendant has used a copy and/or derivative work of the "1994 stationary collection" as shown in Exhibit 2 hereto.

47. Defendant's Infringing Work is strikingly similar (or at a minimum substantially similar), and/or are unauthorized derivative works of the "1994 stationary collection."

48. Defendant has infringed LFI's copyright in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501 by at least reproducing, distributing, and/or creating derivative works of such work for commercial gain and/or profit without consent, approval, and/or license from LFI.

10

49. Defendant's infringement has been and continues to be willful.

50. By reason of Defendant's acts, LFI has suffered and will continue to suffer damage and injury to its business and will sustain substantial loss of revenue and profit.

51. Defendant has profited and have been unjustly enriched as a result of the infringement of the "1994 stationary collection."

52. Unless enjoined by this court, Defendant will continue to commit the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of LFI. LFI has no adequate remedy at law for Defendant's wrongful acts.

53. For example, upon information and belief, the search engine and ranking algorithms of Amazon.com consider several factors including text relevancy, availability, price, and sales velocity. Additionally, favorable comments from customers of purchased products may also greatly contribute to future sales. In the event Defendant is not enjoined from selling, their sales will continue to negatively impact the sales velocity and comment volume for LFI's licensed products which will irreparably harm LFI's marketability on Amazon.com.

54. Additionally, LFI has suffered damages as a direct and proximate cause of infringement and is entitled to such damages in an amount to be determined at trial and/or is entitled to Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

55. LFI is further entitled to its attorney fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

## VII. COUNT III – COPYRIGHT INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION NO. VA 800-510

56. LFI realleges the preceding paragraphs as though set forth fully herein.

57. The "1996 portfolio collection" is an original work created by and/or for LFI.

11

58. The "1996 portfolio collection" is subject to protection under the Copyright Act, 17 U.S.C. § 101 *et seq.*

59. LFI filed an application for copyright registration with the United States Copyright Office for the "1996 portfolio collection," complied with all aspects of the law of copyright, and was granted a registration on July 29, 1996 as registration number VA 800-510 to secure exclusive rights and privileges in and to the copyright of the "1996 portfolio collection." (*See* Exhibit 1).

60. Defendant has used a copy and/or derivative work of the "1996 portfolio collection" as shown in Exhibit 2 hereto.

61. Defendant's Infringing Work is strikingly similar (or at a minimum substantially similar), and/or are unauthorized derivative works of the "1996 portfolio collection."

62. Defendant has infringed LFI's copyright in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501 by at least reproducing, distributing, and/or creating derivative works of such work for commercial gain and/or profit without consent, approval, and/or license from LFI.

63. Defendant's infringement has been and continues to be willful.

64. By reason of Defendant's acts, LFI has suffered and will continue to suffer damage and injury to its business and will sustain substantial loss of revenue and profit.

65. Defendant has profited and have been unjustly enriched as a result of the infringement of the "1996 portfolio collection."

66. Unless enjoined by this court, Defendant will continue to commit the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of LFI. LFI has no adequate remedy at law for Defendant's wrongful acts.

67. For example, upon information and belief, the search engine and ranking algorithms of Amazon.com consider several factors including text relevancy, availability, price, and sales velocity. Additionally, favorable comments from customers of purchased products may also

greatly contribute to future sales. In the event Defendant is not enjoined from selling, their sales will continue to negatively impact the sales velocity and comment volume for LFI's licensed products which will irreparably harm LFI's marketability on Amazon.com.

68. Additionally, LFI has suffered damages as a direct and proximate cause of infringement and is entitled to such damages in an amount to be determined at trial and/or is entitled to Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

69. LFI is further entitled to its attorney fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

## VIII. COUNT IV – COPYRIGHT INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION NO. VA 1-158-199

70. LFI realleges the preceding paragraphs as though set forth fully herein.

71. The "Lisa Frank 2002 portfolio collection" is an original work created by and/or for LFI.

72. The "Lisa Frank 2002 portfolio collection" is subject to protection under the Copyright Act, 17 U.S.C. § 101 *et seq.*

73. LFI filed an application for copyright registration with the United States Copyright Office for the "Lisa Frank 2002 portfolio collection," complied with all aspects of the law of copyright, and was granted a registration on September 16, 2002, as registration number VA 1-158-199 to secure exclusive rights and privileges in and to the copyright of the "Lisa Frank 2002 portfolio collection." (*See* Exhibit 1).

74. Defendant has used a copy and/or derivative work of the "Lisa Frank 2002 portfolio collection" as shown in Exhibit 2 hereto.

75. Defendant's Infringing Work is strikingly similar (or at a minimum substantially similar), and/or are unauthorized derivative works of the "Lisa Frank 2002 portfolio collection."

76. Defendant has infringed LFI's copyright in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501 by at least reproducing, distributing, and/or creating derivative works of such work for commercial gain and/or profit without consent, approval, and/or license from LFI.

77. Defendant's infringement has been and continues to be willful.

78. By reason of Defendant's acts, LFI has suffered and will continue to suffer damage and injury to its business and will sustain substantial loss of revenue and profit.

79. Defendant has profited and have been unjustly enriched as a result of the infringement of the "Lisa Frank 2002 portfolio collection."

80. Unless enjoined by this court, Defendant will continue to commit the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of LFI. LFI has no adequate remedy at law for Defendant's wrongful acts.

81. For example, upon information and belief, the search engine and ranking algorithms of Amazon.com consider several factors including text relevancy, availability, price, and sales velocity. Additionally, favorable comments from customers of purchased products may also greatly contribute to future sales. In the event Defendant is not enjoined from selling, their sales will continue to negatively impact the sales velocity and comment volume for LFI's licensed products which will irreparably harm LFI's marketability on Amazon.com.

82. Additionally, LFI has suffered damages as a direct and proximate cause of infringement and is entitled to such damages in an amount to be determined at trial and/or is entitled to Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

83.     LFI is further entitled to its attorney fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

### IX.     COUNT V – COPYRIGHT INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION NO. VA 1-732-288

84.     LFI realleges the preceding paragraphs as though set forth fully herein.

85.     The "2010 BTS Portfolio Collection" is an original work created by and/or for LFI.

86.     The "2010 BTS Portfolio Collection" is subject to protection under the Copyright Act, 17 U.S.C. § 101 *et seq.*

87.     LFI filed an application for copyright registration with the United States Copyright Office for the "2010 BTS Portfolio Collection," complied with all aspects of the law of copyright, and was granted a registration on August 5, 2010, as registration number VA 1-732-288 to secure exclusive rights and privileges in and to the copyright of the "2010 BTS Portfolio Collection." (*See* Exhibit 1).

88.     Defendant has used a copy and/or derivative work of the "2010 BTS Portfolio Collection" as shown in Exhibit 2 hereto.

89.     Defendant's Infringing Work is strikingly similar (or at a minimum substantially similar), and/or are unauthorized derivative works of the "2010 BTS Portfolio Collection."

90.     Defendant has infringed LFI's copyright in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501 by at least reproducing, distributing, and/or creating derivative works of such work for commercial gain and/or profit without consent, approval, and/or license from LFI.

91.     Defendant's infringement has been and continues to be willful.

92.     By reason of Defendant's acts, LFI has suffered and will continue to suffer damage and injury to its business and will sustain substantial loss of revenue and profit.

93. Defendant has profited and have been unjustly enriched as a result of the infringement of the "2010 BTS Portfolio Collection."

94. Unless enjoined by this court, Defendant will continue to commit the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of LFI. LFI has no adequate remedy at law for Defendant's wrongful acts.

95. For example, upon information and belief, the search engine and ranking algorithms of Amazon.com consider several factors including text relevancy, availability, price, and sales velocity. Additionally, favorable comments from customers of purchased products may also greatly contribute to future sales. In the event Defendant is not enjoined from selling, their sales will continue to negatively impact the sales velocity and comment volume for LFI's licensed products which will irreparably harm LFI's marketability on Amazon.com.

96. Additionally, LFI has suffered damages as a direct and proximate cause of infringement and is entitled to such damages in an amount to be determined at trial and/or is entitled to Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

97. LFI is further entitled to its attorney fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

## X. COUNT VI – COPYRIGHT INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION NO. 1-351-800

98. LFI realleges the preceding paragraphs as though set forth fully herein.

99. The "Giant Sticker Activity Pad" is an original work created by and/or for LFI.

100. The "Giant Sticker Activity Pad" is subject to protection under the Copyright Act, 17 U.S.C. § 101 *et seq.*

101. LFI filed an application for copyright registration with the United States Copyright Office for the "Giant Sticker Activity Pad," complied with all aspects of the law of copyright, and was granted a registration on September 27, 2018, as registration number Vau-1-351-800 to secure exclusive rights and privileges in and to the copyright of the "Giant Sticker Activity Pad." (*See* Exhibit 1).

102. Defendant has used a copy and/or derivative work of the "Giant Sticker Activity Pad" as shown in Exhibit 2 hereto.

103. Defendant's Infringing Work is strikingly similar (or at a minimum substantially similar), and/or are unauthorized derivative works of the "Giant Sticker Activity Pad."

104. Defendant has infringed LFI's copyright in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501 by at least reproducing, distributing, and/or creating derivative works of such work for commercial gain and/or profit without consent, approval, and/or license from LFI.

105. Defendant's infringement has been and continues to be willful.

106. By reason of Defendant's acts, LFI has suffered and will continue to suffer damage and injury to its business and will sustain substantial loss of revenue and profit.

107. Defendant has profited and have been unjustly enriched as a result of the infringement of the "Giant Sticker Activity Pad."

108. Unless enjoined by this court, Defendant will continue to commit the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of LFI. LFI has no adequate remedy at law for Defendant's wrongful acts.

109. For example, upon information and belief, the search engine and ranking algorithms of Amazon.com consider several factors including text relevancy, availability, price, and sales velocity. Additionally, favorable comments from customers of purchased products may also greatly contribute to future sales. In the event Defendant is not enjoined from selling, their sales

will continue to negatively impact the sales velocity and comment volume for LFI's licensed products which will irreparably harm LFI's marketability on Amazon.com.

110.    Additionally, LFI has suffered damages as a direct and proximate cause of infringement and is entitled to such damages in an amount to be determined at trial and/or is entitled to Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

LFI is further entitled to its attorney fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

## XI.    DEMAND FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a.  Reproducing, distributing, offering for sale, selling, displaying, or importing any products, services, or materials not authorized by Plaintiff that contain, embody, or incorporate any reproduction or colorable imitation of the LFI Registrations;

    b.  Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the LFI Registrations; and

    c.  Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart.com,

18

and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, internet search engines such as Google, Bing, and Yahoo (collectively, the "Third Party Providers") shall:

    a. Disable and cease providing services being used by Defendant, currently or in the future, to engage in the offering, sale, or distribution of goods, services, or materials that infringe LFI Registrations;

    b. Disable and cease displaying any advertisements used by or associated with Defendant in connection with the offering or sale of infringing materials; and

    c. Take all steps necessary to prevent links to the Seller Aliases identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Seller Aliases from any search index.

3) That Plaintiff be awarded such damages as it shall prove at trial against Defendant that is adequate to compensate Plaintiff for infringement of the LFI Registrations, including, but not limited to, actual damages and all profits realized by Defendant, or others acting in concert or participation with Defendant, arising from Defendant's infringement of the LFI Registrations.

4) That the Court, pursuant to 17 U.S.C. § 504, award statutory damages or, in the alternative, increase the damage award upon a finding of willful infringement, in an amount up to the maximum allowed under law.

5) That Plaintiff be awarded its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505 and other applicable law; and

6) Any and all other relief that this Court deems just and proper.

19

## XII.        JURY DEMAND

LFI demands a jury trial in accordance with Fed R. Civ. P. 38 (b).

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Date: <u>June 2, 2026</u>

 /s/  *Linda F. Cantor*
Linda F. Cantor (6197629)
lcantor@brookskushman.com
**BROOKS KUSHMAN P.C.**
515 S. Flower Street, Suite 1800
Los Angeles, CA  90071-2231
Tel.: (213) 622-3003


*Counsel for Plaintiff*

20